**AFFIRMED and Opinion Filed April 4, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**Nos. 05-18-00454-CR**

**05-18-00455-CR**

**DARRION LEE STOREY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-81847-2016 & 416-81848-2016**

# MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Appellant Darrion Lee Storey was indicted on four counts of sexual assault of a child under

seventeen and two counts of indecency of a child under seventeen by contact.[1]  In a consolidated

trial, the jury found him guilty of three counts of sexual assault of a child under seventeen and two

---

[1] In trial court cause number 416-81847-2016 (appellate cause No. 05-18-00454-CR), appellant was indicted for one count of  "intentionally and knowingly caus[ing] the female sexual organ of [complainant], a child younger than seventeen (17) years of age, to contact the male sexual organ of the defendant" on or about January 8, 2016.

In trial court cause number 416-81848-2016 (appellate cause No. 05-18-00455-CR), appellant was indicted for five separate counts occurring on or about August 1, 2015: count I: "intentionally and knowingly caus[ing] the female organ of [complainant], a child then younger than seventeen (17) years of age, to contact the male sexual organ of the defendant; count II: "intentionally and knowingly caus[ing] the penetration of the female sexual organ of [complainant], . . . , by means of defendant's finger"; count III:  "intentionally and knowingly caus[ing] the penetration of the mouth of [complainant], . . . , by means of defendant's male sexual organ; count IV: "intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching part of the breast of [complainant], . . . , by means of the defendant's hand; and count V: "intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching part of the breast of [complainant], . . . , by means of defendant's mouth."

counts of indecency of a child under seventeen by contact.[2] In two issues, appellant argues the trial court abused its discretion by denying his request to require the State to elect which actions it was relying on for conviction, and the evidence is legally insufficient to support his conviction for sexual assault of a child under the age of seventeen. We affirm the trial court's judgments.

## Background

Appellant met complainant during the summer of 2015 when they both worked at the Boys and Girls Club. Appellant was twenty-one years old. Complainant, who was fifteen years old at the time, lied to appellant and told him she was sixteen but turning seventeen in September. They began dating in July and had sex for the first time in August at appellant's home.

Complainant and appellant had sex one time at her home, but usually, he picked her up from school after her father dropped her off, drove to the parking garage of a nearby Embassy Suites where they had sex in the backseat of his car, and then appellant drove her back before school started. They had sex more than ten but less than twenty times.

Complainant discovered she was pregnant in October and told appellant. Complainant decided to end the pregnancy.

On December 15, 2015, Detective Olga Chavez responded to a report from complainant's mother that complainant had been sexually assaulted by her boyfriend, which resulted in a pregnancy. Detective Chavez knew complainant had scheduled an abortion so she obtained a search warrant to collect biological material from the procedure.

On December 16, 2015, Detective Chavez met the family at Planned Parenthood for the complainant's consultation. Following the consultation, Detective Chavez scheduled a forensic

---

[2] The State abandoned count III in trial court cause number 416-81848-2016 after it rested its case-in-chief. The jury sentenced appellant to six years' confinement in trial court cause number 416-81847-2016. The jury sentenced him to two years' confinement for counts I, II, IV, and V in trial court cause number 416-81848-2016, but recommended probation on counts IV and V (the indecency by contact offenses). Appellant's sentences on counts IV and V were probated for eight years.

interview for December 17, 2015. Complainant met with a forensic interviewer at the Collin County Children's Advocacy Center. She freely disclosed her relationship with appellant.

On December 18, 2015, Detective Chavez witnessed the abortion and collected evidence for DNA testing. Testing confirmed appellant was the father.

When appellant met with Detective Chavez, he said complainant repeatedly told him she was seventeen and denied any physical relationship. He eventually admitted that one time (about three weeks prior) complainant tried to have sex with him, but he stopped her. Detective Chavez did not believe him because complainant was approximately eleven weeks pregnant at the time of her abortion. When confronted with this information, appellant said they had sex one time at her house. He later admitted to having sex in his car in an Embassy Suites parking garage sometime around September or October of 2015.

When the interview ended, Detective Chavez emphasized that complainant was sixteen years old and warned appellant to stay away from her because sexual contact with her was illegal. She also informed him she would be applying for an arrest warrant, but would contact him "out of courtesy because he was forthcoming . . . [and] cooperative." Detective Chavez notified appellant once the arrest warrant issued, and he turned himself in on December 31, 2015.

On January 14, 2016, Detective Chavez received information that appellant had again contacted complainant, and they were "hooking back up." She quickly applied for another arrest warrant.

Complainant participated in another forensic interview on January 15, 2016. During this interview, complainant's demeanor was more reserved, and she struggled to talk about the situation. She was less forthcoming with information and only answered the questions asked. She was concerned about appellant and how jail could affect his family.

Based on information from the interview, appellant was arrested again for sexual assault of a child under seventeen. Similar to his first interview, appellant denied any contact with complainant, but later admitted to having sex once. He said it happened in the backseat of his car in a parking lot near the Aloft hotel in Frisco.

The State charged appellant in two separate indictments. One indictment contained one count of sexual assault of a child under seventeen. The second indictment contained three counts of sexual assault of a child under seventeen and two counts of indecency of a child under seventeen by contact. The State consolidated the cases for trial. At the conclusion of evidence, the State abandoned count III of the second indictment. Thereafter, the jury convicted appellant on all remaining counts. This appeal followed.

**Motion to Elect**

In his first issue, appellant argues the trial court abused its discretion by denying his motion to elect. The State responds it was not required to elect, or alternatively, error, if any, was harmless.

At the conclusion of the State's case-in-chief, appellant requested an election because the State introduced evidence of multiple acts and "the failure to elect will violate the unanimity rule regarding jury verdicts." The trial court denied the request and agreed with the State that it was "spelled out in the indictment," and "We have a date and time and we have acts in the indictment, and I think the jury can take that from the charge."

Appellant does not explain why the State was required to elect in this case, but seems to argue election was required because the State consolidated trial court cause numbers 416-81847-2016 and 416-81848-2016 when, except for the alleged date, both offenses were identical. Thus, by not requiring the State to elect, he contends the jury was permitted to convict him of the same sexual act. However, it has long been the rule of this State that, when a defendant faces multiple pending indictments, those indictments may be consolidated into a single proceeding. *See* TEX.

PENAL CODE ANN. § 3.02(a); *see also In re Munk*, No. 07-14-00308-CV, 2014 WL 4082109, at *2 (Tex. App.—Amarillo Aug. 15, 2014, orig. proceeding) (mem. op.). Appellant did not file a motion to sever.

Generally, when one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction. *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). However, when charging multiple offenses in a single indictment, the Code of Criminal Procedure requires that each separate offense be set out in a separate "count." TEX. CODE CRIM. PROC. ANN. art. 21.24(a); *Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007). In such cases, the State is not required to elect between counts and each count may be submitted to the jury. *Halliday v. State*, No. 05-17-00233-CR, 2018 WL 2749644, at *2 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op., not designated for publication*); Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.) (recognizing those who commit multiple discrete assaults against the same victim are liable for separate prosecution and punishment for every instance of such criminal misconduct).

Here, appellant has not argued the State was required to elect which acts it was relying upon for conviction within each separate count of trial court cause number 416-81848-2016. Rather, he appears to argue the State was required to elect between two separate sexual assault indictments to avoid violation of the unanimity rule. Such an election was unnecessary. The trial judge was not faced with a situation in which the parties had offered evidence of multiple instances of sexual intercourse that conformed to a single indictment allegation. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007); *Halliday*, 2018 WL 274966, at *2. Rather, complainant described a single act of sexual intercourse that occurred on or about January 8, 2016. *See, e.g., Villalobos v. State*, No. 08-09-00014-CR, 2010 WL 4523763, at *3 (Tex. App.—El Paso Nov. 10,

2010, pet. ref'd) (not designated for publication) (election not required when victim testified to a single act as described in one count of indictment). Complainant testified she saw appellant after returning to school from winter break in January 2016. He picked her up from school, they drove to some apartments, and they "just talked for a little bit." A couple days later he picked her up again, and they had sex during this second meeting. She testified that was the last time she recalled seeing appellant. Detective Chavez testified appellant admitted during his second interview they had sex one time in his car after his December 2015 arrest. Thus, the record indicates appellant and complainant had one sexual encounter after his December arrest and before his January arrest. As such, the State was not required to elect between these two offenses and could prosecute appellant for each one.

Although an election was not required under these facts, we are cognizant of the trial court's responsibility to instruct the jury on the law applicable to the case and submit a charge that does not allow for the possibility of a non-unanimous verdict even when the State is not required to elect. *See Cosio v. State*, 353 S.W.3d 766, 776 (Tex. Crim. App. 2011).

The jury charge ensured the jury unanimously convicted appellant of but one count of sexual assault that occurred on or about January 8, 2016. The jury was given a verdict form for the January offense and another verdict form with a separate question as to the August 2015 sexual assault offense. *See, e.g., Martinez*, 225 S.W.3d at 555 (noting simplest way to ensure each allegation is decided unanimously is to submit separate verdict forms); *see also Halliday*, 2018 WL 2749644, at *3. The jury charges instructed the jury, "Your verdict must be unanimous and signed by your presiding juror." *See, e.g., Torres v. State*, No. 04-07-00873-CV, 2008 WL 5264869, at *4 (Tex. App.—San Antonio, Dec. 17, 2008, pet. ref'd) (mem. op., not designated for publication) (jury instructed it must reach unanimous verdict and separate verdict forms included

for each count insured unanimous verdict).  Accordingly, the trial court's charge did not deprive appellant of his right to a unanimous verdict.

To the extent appellant raises a double jeopardy complaint, his complaint is not preserved for review.  To preserve a double jeopardy complainant, a defendant must raise it "in some fashion" at or before the time the trial court submits its charge to the jury.  *See Barriga-Hermosillo v. State*, No. 05-11-01156-CR, 2013 WL 1439879, at *10 (Tex. App.—Dallas Apr. 8, 2013) (mem. op., not designated for publication) (citing *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App.)), *aff'd*, PD-0879-13, 2014 WL 1871630 (Tex. Crim. App. May 7, 2014).  Appellant did not raise a double jeopardy objection to the trial court during his request for an election.  While a double jeopardy violation may be raised for the first time on appeal when the undisputed facts show a violation is clearly apparent on the face of the record and no legitimate state interest is served by enforcement of the usual rules of procedural default, appellant has not presented any argument to meet his burden to suspend the usual preservation rules.  *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise arguments supported by authority); *see also Gonzalez*, 8 S.W.3d at 645 (appellant has burden of presenting a record showing double jeopardy violation).  We overrule appellant's first issue.

### Sufficiency of the Evidence

In his second issue, appellant argues the evidence is legally insufficient to support his conviction for sexual assault of a child because the State failed to prove complainant's age.  The State responds the evidence is legally sufficient, and the jury is presumed to have resolved any conflicts in her testimony in favor of the State.

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard gives the responsibility to the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04; *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008). We may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326.

To satisfy the elements of sexual assault of a child, the State was required to prove that appellant intentionally or knowingly caused the sexual organ of complainant, a child under seventeen at the time of the offense, to contact his sexual organ. *See* TEX. PEN. CODE ANN. § 22.011(a)(2)(C). Appellant argues complainant's inconsistent statements about her age cannot support a conviction, and the State should have introduced her birth certificate, driver's license, or some other witness to confirm her birthday.

Complainant testified she was fifteen the first time they had sex. Such testimony is sufficient to prove a sexual assault victim was under the age of seventeen on the date of the offense. *See Jason v. State*, 589 S.W.2d 447, 449 (Tex. Crim. App. 1979). Further, the jury heard testimony from both Detective Chavez and the forensic interviewer that complainant said she was sixteen when she had sex with appellant. Lastly, her medical records from Planned Parenthood listed her date of birth as "9/17/1999," meaning she was sixteen at the time of her abortion. Accordingly, the evidence is legally sufficient to establish that appellant sexually assaulted a child under the age of seventeen. Appellant's second issue is overruled.

## Conclusion

The judgments of the trial court are affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180454F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARRION LEE STOREY, Appellant

No. 05-18-00454-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81847-2016.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 4, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARRION LEE STOREY, Appellant

No. 05-18-00455-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81848-2016.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 4, 2019