IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0575-05






SILVERIO MARTINEZ, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J.,
and Price, Womack, Johnson, Keasler, Hervey, and Cochran, JJ.,
joined. Meyers, J., did not participate.


 A Travis County petit jury convicted appellant Silverio Martinez of three counts of
indecency with a child and one count of sexual assault of a child. Appeal was taken to the
Third Court of Appeals, where appellant raised several arguments related to the trial court's
unilateral decision to alter the indictment by renaming individual paragraphs under single
counts as separate and distinct counts. The court of appeals found no error, and we granted
review. We reverse the judgment of the court of appeals, and we reform the judgment of the
trial court. 

I. HISTORY

A. The Factual Background

 Complainant testified at trial that appellant, her step-father, sexually assaulted her
numerous times beginning when she was twelve years old. Appellant assaulted her in her
bedroom or her mother's bedroom, usually at night, while her mother was at work and her
brothers were playing. Complainant testified that the abuse spanned a ten-month period and
some of the abuse took place in Hays County after the family moved there from
Complainant's mother's home in Travis County. 

B. The Grand Jury's Indictment

 By a three-count indictment, a Travis County grand jury charged appellant with
indecency with a child by contact, indecency with a child by exposure, and aggravated sexual
assault of a child. Tex. Pen. Code §§ 21.11(a)(1), (a)(2) (Vernon 2003) & 22.021(a)(1)(B)
(Vernon Supp. 2006). The indictment contained three sections labeled "Counts," which
contained a total of eight paragraphs. (1) 

 Count I contained four paragraphs alleging that appellant committed the following
acts of indecency with a child by contact:

 Count I, paragraph one: appellant touched the victim's anus.

 Count I, paragraph two: appellant touched the victim's breast.

 Count I, paragraph three: appellant touched the victim's genitals.

 Count I, paragraph four: appellant caused the victim to touch appellant's genitals.

 Count II contained one paragraph, alleging that appellant committed indecency with
a child by exposing his genitals while knowing the victim was present.

 Count III contained three paragraphs, alleging that appellant committed the following
acts of aggravated sexual assault of a child:

 Count III, paragraph one: appellant penetrated the victim's anus with his sexual organ.

 Count III, paragraph two: appellant caused the victim's sexual organ to contact his
mouth.

 Count III, paragraph three: appellant penetrated the victim's mouth with his sexual
organ.


C. The Jury Charge Conference

 At the charge conference, appellant moved for the State to elect among the various
acts alleged in Counts I and III. The State requested that it be allowed to obtain a general
verdict on each count. (2)
 The trial court then decided, sua sponte, to rename each paragraph
as a separate count. Appellant repeatedly objected, arguing that the trial court had no
authority to change the paragraphs into counts and that that would result in appellant being
suddenly "charged" with eight offenses instead of three. (3)
 The trial court overruled
appellant's objections, and the State then chose to proceed on six of the eight "counts" in the
judicially altered indictment. As a result, the trial court's charge permitted the jury to convict
appellant of six offenses as follows:

 Count I, paragraph one: touched the complainant's anus;

 Count I, paragraph two: touched the complainant's breast;

 Count I, paragraph three: touched the complainant's genitals;

 Count II: exposed his genitals knowing that the complainant was present;

 Count III, paragraph one: penetrated the complainant's anus with his sexual organ; 

 Count III, paragraph two: caused the complainant's sexual organ to contact his mouth.


D. The Verdicts of the Jury

 The jury found appellant not guilty on Count I, paragraph one (alleging that he
touched the complainant's anus) and also Count III, paragraph one (alleging that he
penetrated the complainant's anus with his sexual organ). The jury found appellant guilty
on the remaining four of the six offenses, as illustrated below: 

Count I, paragraph one: touched the complainant's anus; (Not guilty)

Count I, paragraph two: touched the complainant's breast; (Guilty)

Count I, paragraph three: touched the complainant's genitals; (Guilty)

Count II: exposed his genitals knowing that the complainant was present;(Guilty)

Count III, paragraph one: penetrated complainant's anus with his sexual organ; (Not Guilty); 

Count III, paragraph two: caused complainant's sexual organ to contact his mouth. (Guilty) 


 In accordance with the jury's verdicts, the trial judge entered judgment of conviction
for four offenses, two of which were derived from one count (Count I) contained in the
original indictment issued by the grand jury. 

E. Review in the Court of Appeals

 In the court of appeals, appellant argued that the trial court's actions with respect to
the indictment violated his right to notice, and in addition, his rights to jury unanimity and
against double jeopardy were also offended. Martinez v. State, 161 S.W.3d 697 (Tex.
App.-Austin 2005). The court of appeals thoroughly addressed and then rejected appellant's
jury unanimity and double-jeopardy arguments. In affirming the trial court's judgment, the
court of appeals also rejected, in a single sentence, appellant's lack-of-notice argument,
reasoning that the evidence was sufficient to support the convictions. See Martinez v. State,
161 S.W.3d at 706. 

II. ANALYSIS

 When the State wishes to charge multiple offenses in a single indictment, it is required
by statute to set out each separate offense in a separate "count." Tex. Code Crim. Proc., Art.
21.24(a). Then separate "paragraphs" within a single count may allege different methods of
committing the same offense. Art. 21.24(b). But since each "count" alleges a single offense,
an indictment cannot authorize more convictions than there are counts. Here, the indictment
clearly enumerated three separate counts, with two of the counts containing multiple
paragraphs. Because there were only three counts, though, the indictment authorized only
three convictions (and only one conviction per count).

 Permitting more convictions than authorized by the indictment implicates a
defendant's due-process right to notice. Under the Due Process Clause of the Fourteenth
Amendment, a defendant has the right to notice of the charges against him. In re Ruffalo,
390 U.S. 544 (1968); Cole v. Arkansas, 333 U.S. 196, 201 (1948). "[N]otice of a specific
charge, and a chance to be heard in a trial of the issues raised by that charge . . . are among
the constitutional rights of every accused in a criminal proceeding in all courts, state or
federal." Cole, 333 U.S. at 201. The charge must be known before the proceedings
commence, and the charges cannot be amended (nor added to), once the proceedings are
underway. Ruffalo, 390 U.S. at 551. 

 Permitting more convictions than the indictment authorizes performs the function of
an implied amendment to that indictment and thus also implicates the defendant's
constitutional right to a grand jury screening of the charges. See Flowers v. State, 815
S.W.2d 724, 729 (Tex. Crim. App. 1991) ("if the record shows that the amendment is made
so as to charge a different occurrence or incident than that originally alleged in the
indictment, the substantial rights of a defendant would be prejudiced in part because he has
been denied any grand jury review of the offense as required by Art. I § 10."). (4) 

 Given the statutory scheme, and the defendant's constitutional rights to notice and a
grand jury screening, the trial judge was clearly wrong to believe that the paragraphs could
all be treated as separate counts. However, while the defendant's objection that the trial
judge could not create extra counts from alternate paragraphs within a count was correct, it
was premature. The trial judge committed no error in submitting the various paragraphs in
six separate verdict forms. These paragraphs were all pled in the indictment, so the State was
entitled to prosecute all of them. An election in this case was not necessary because the trial
judge was not faced with a situation in which the parties had offered evidence of multiple
instances of conduct that conformed to a single indictment allegation. See e.g. Phillips v. 
State, 193 S.W.3d 904, 906 (Tex. Crim. App. 2006)(trial court erred in refusing to require
the State to elect when it had "introduced multiple occurrences of each type of assault"). 

 But even though the State was entitled to submit all of the allegations included in the
indictment to the jury, the State was not entitled to mix what were really separate offenses
into a single general-verdict submission, because that would violate the defendant's
constitutional right to a unanimous verdict. Francis v. State, 36 S.W.3d 121, 123-124 (Tex.
Crim. App. 2000). When confronted with a single count that contains multiple allegations
that are really separate offenses, the trial judge should protect the rights of both parties by
submitting the separate allegations to the jury, but in such a way as to ensure that each
allegation is decided unanimously. Perhaps the simplest way to do that is to submit separate
verdict forms, as was done in the present case. 

 The mistake the trial judge made here was in rendering judgment on all of those
counts. The jury need not be concerned with the legal niceties surrounding the structure of
the offenses within the indictment. That is the trial judge's job. Once the judge receives the
jury's verdicts, he should perform the task of deciding what judgment is authorized by those
verdicts in light of the controlling law, the indictment, and the evidence presented at trial. 
In this case, the trial judge did not perform that task. He should have realized that the four
verdicts of the jury had the legal effect of authorizing only three judgments of conviction,
because the law does not permit more than one conviction per count in the indictment. 

 We turn briefly to the question of harm. The error here was not harmless, because
appellant was convicted of more offenses than were authorized by the indictment. As such,
even if viewed as a purely statutory violation, it affected appellant's substantial rights. See
Tex. R. App. P. 44.2(b).

 To remedy the trial court's harmful error, we must strike one of the two convictions
under Count I of the indictment. Because both convictions under Count I carried the same
punishment, i.e., six years, (5) we may strike either conviction. However, because appellant
alleged that the conviction relating to Count I paragraph three created a double-jeopardy 
multiple-punishment violation in conjunction with his conviction in Count III, we will strike
the conviction relating to Count I, paragraph three, and will let stand the other conviction
under Count I, paragraph two. With this remedy we need not reach the substance of
appellant's double-jeopardy claim.

III. CONCLUSION

 We reverse the judgment of the court of appeals as it relates to the conviction for
Count I, paragraph three, of the indictment and reform the judgment of the district court to
delete that conviction. In all other respects, the judgment of the court of appeals is affirmed. 


DELIVERED JUNE 6, 2007

PUBLISH



 
1. The indictment contained three parts. The second part was labeled "Count II," and the
third part was labeled "Count III." Although the first part was unlabeled, it was clearly intended
to constitute Count I. 

 Count I and Count III each contained several unlabeled, indented sections that the parties,
at trial, implicitly agreed were "paragraphs," alleging varying manner and means of committing
one offense. 
2. Defense counsel asked the trial judge "to require the State to elect between the various
acts of indecency and the various acts of aggravated assault upon which they intended to
proceed." (4 RR 4.) The State initially responded that the allegations made in separate
paragraphs were "alternative methods to proving one offense, but then stated it was "asking for a
general verdict on the issue of indecency with a child by contact" and thus would not elect. (5
RR 5). 

 Defense counsel continued to maintain that the State was required to elect under our
holding in Francis v. State, 36 S.W.3d 121 (Tex. Crim. App. 2000). The trial judge asked
defense counsel what the "factual basis" was that required the State to elect. Defense counsel
responded:


DEFENSE COUNSEL: "The factual basis is there have been allegations of a
variety of acts of indecency of a child by contact [Count I] and allegations of a variety of
acts of aggravated sexual assault [Count III]. The evidence has shown purportedly that
these acts have occurred on different dates so that they are separate offenses and, in fact, in
different places and in different counties...." (5 RR 5-6).


After further deliberation, the trial judge attempted to paraphrase defense counsel's
request:

 THE COURT: "Your request is narrow, as I see it - and I am stating this for you
to tell me I'm wrong - to correct me. Your assertion is even assuming that there may be
evidence in this record to support submission on Counts I and III, that the State is still
required to elect which one of those manner and means to proceed under for indecency
[Count I] and one other manner and means to proceed under as its primary charge as to
aggravated sexual assault [Count III]."


 DEFENSE COUSEL: "Yes, sir."

3. THE COURT: "And suppose your request is granted and the Court requires the
State to elect and the State elects to proceed on each one standing alone as a separate charge... So
if the Court requires the State to elect and the State elects - I haven't required them yet - and
they elect to proceed on each standing alone, then this indictment in theory could justify one,
two, three, four, five, six, seven, eight convictions. Right? State is required to elect. Court so
orders."


 At this point, it became apparent to defense counsel that the trial judge had authorized the
State to elect to proceed on the various paragraphs in the indictment as separate "mini-counts." 
The trial judge reasoned that submitting each paragraph as a separate offense assured jury
unanimity as to each distinct allegation in the indictment. 


 Defense counsel immediately objected to this development on the basis that the
indictment set out only three counts, but the trial judge overruled this objection as "premature." 
(4 RR 10). The State then "elected" to proceed on six of the possible eight "mini-counts." 
Defense counsel objected again. 




 DEFENSE COUNSEL: "The defense's position is they cannot now split the
counts into separate counts. This is how they have chosen to allege it in these three
counts. They are not entitled to additional counts upon election...." 


4. See, e.g., Stirone v. U.S., 361 U.S. 212, 217-19 (1960) (amendment of the indictment
without adequate notice to the defendant violates the Fifth Amendment Grand Jury Clause); Ex
parte Bain, 121 U.S. 1 (1887), overruled in part by United States v. Cotton, 535 U.S. 625 (2002). 
5. The jury assessed punishment as follows: six years of imprisonment for each of the two
indecency by contact "counts," five years for the indecency by exposure conviction, and seven
years for the aggravated sexual assault conviction.