*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-07-00873-CR

Juan **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR6117B
Honorable Catherine Torres Stahl, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  December 17, 2008

AFFIRMED IN PART; VACATED IN PART

Juan Torres was convicted by a jury of two counts of aggravated robbery.  Torres presents

the following points of error on appeal: (1) his oral statement was inadmissible; (2) the trial court's

findings of fact and conclusions of law are insufficient; (3) his constitutional rights were violated

when the cab in which he was riding was stopped by police; (4) his constitutional right of

confrontation was denied; (5) the evidence is legally insufficient to support the jury's finding that

a deadly weapon was used or exhibited; (6) his double jeopardy rights were violated; (7) the jury charge did not require a unanimous verdict; and (8) the trial court erroneously read back testimony to the jury. We sustain Torres's sixth issue and reverse the trial court's judgment on count II of the indictment. We overrule Torres's other issues and affirm the trial court's judgment on count I of the indictment.

## BACKGROUND

Pete Lucio was working at a car wash when two men approached him for change. The men proceeded to rob Lucio at gunpoint. The men took cash, a handgun, Lucio's necklaces, and his truck. Torres was apprehended and denied participation in the robbery. However, Torres commented in general concerning the hypothetical location of a truck "if" it were stolen. The truck was found at the described location. Torres was subsequently convicted by a jury of aggravated robbery.

## ORAL STATEMENT

In his first point of error, Torres contends that the trial court erred in admitting his oral statement regarding the location of the truck because he was not provided with all of the required warnings and the oral statement was not recorded. A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We will sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id*. We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to those facts. *Id*.

Torres first complains the trial court erred in admitting the statement because he was not provided with all of his rights. Detective Eric Schepis testified, however, that he read Torres his rights before taking his statement and informed Torres that he did not have to make any statement to anyone. We defer to the trial court's implied finding that Torres was provided with all of the required warnings before the oral statement was taken.

With regard to the failure to record the statement, Detective Schepis informed Torres that the vehicle that was stolen was the owner's only transportation to and from work and that he would lose his job without his vehicle. Detective Schepis testified that Torres stated in response, "Well I wasn't the one that did the robbery. But if I was going to look for the truck, I'd look around the construction zone at Lanier High School." Officer James Caviness testified that there was construction at the time around Lanier High School, and he recovered the stolen vehicle in that area. Article 38.22, section (3)(c) of the Texas Code of Criminal Procedure contains an exception to the general rule regarding the inadmissibility of unrecorded oral statements and provides that "any statement that contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property" is admissible. TEX. CODE CRIM. PROC. ANN. art. 38.22, § (3)(c) (Vernon 2005). The trial court did not abuse its discretion in concluding that Torres's statement regarding the location of the stolen vehicle was admissible under this exception. Torres's first point of error is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his second point of error, Torres complains that the trial court's findings of fact and conclusions of law in support of the denial of the motion to suppress are insufficient. In this case, the trial court dictated its findings and conclusions to the court reporter as follows:

> THE COURT: Okay. All right. As to the motion to suppress, I am denying the motion to suppress in this particular case. And addressing, in particular, 38.22, saying – it does comply with 38.22. Additionally, with regards to the particular section as to (3)(C), I'm denying it for that reason. I do believe that his particular statement is in compliance, particularly with the recovery of the stolen property.

*See Busby v. State*, 253 S.W.3d 661, 669 (Tex. Crim. App. 2008) (approving of dictation of findings and conclusions into record). Although Torres cites article 38.22, section 6 as support for this contention in his brief, we question whether the findings of fact and conclusions of law required by article 38.22, section 6 are applicable to this case because Torres never challenged the voluntariness of his statement at the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 2005) (requiring findings and conclusion in cases where a question is raised as to the voluntariness of a statement of an accused). Torres limited the scope of his motion to suppress at the hearing to the statement made regarding the location of the stolen vehicle, and the trial court's findings and conclusions specifically address that statement by concluding that Torres's statement: (1) related to the finding of stolen property; and (2) was admissible under article 38.22, section (3)(c). Torres's second point of error is overruled.

### SEARCH OF CAB

In his third point of error, Torres contends his constitutional rights were violated by the seizure and search of the cab in which he was riding. At the hearing on his motion to suppress, Torres told the trial court that he was urging only that the statement regarding the location of the stolen truck should be suppressed. Torres did not make any objection when the officers testified about the seizure and search of the cab and did not request an article 38.22 instruction regarding the legality of the search. By failing to obtain a ruling on an appropriate request, objection or motion,

Torres failed to preserve this complaint for our review. TEX. R. APP. P. 33.1(a). Torres's third point of error is overruled.

### RIGHT OF CONFRONTATION

In his fourth point of error, Torres contends that the trial court erred in admitting the responding officer's testimony regarding statements made by Lucio, the victim, because the statements did not meet the excited utterance exception to the hearsay rule and the statements violated his right of confrontation. Before trial, Lucio passed away of natural causes unrelated to the offense and therefore was unavailable to testify. With the exception of Officer Belcher's testimony that Lucio waved her down and instantaneously told her he was robbed at gunpoint, we will assume without deciding, for purposes of this opinion, that Officer Belcher's testimony regarding Lucio's statements was erroneously admitted in violation of Torres's right to confrontation. In order for this error to require a reversal of the trial court's judgment, the erroneous admission of this evidence must have resulted in harm.

The test for determining whether federal constitutional error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007). A federal constitutional error does not contribute to the verdict obtained if the verdict would have been the same absent the error. *Id.* This test is codified in Texas Rule of Appellate Procedure 44.2(a), which provides that constitutional error requires reversal of the judgment "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

In our assessment of the likelihood that the jury verdict as to appellant's conviction would have been the same even absent the trial court's error, we must consider the entire record. *Clay*, 240

S.W.3d at 904.  Among the factors that we must consider are: (1) the importance of the hearsay evidence to the State's case; (2) whether the hearsay evidence was cumulative of other evidence; (3) the presence or absence of other evidence corroborating or contradicting the hearsay evidence on material points; and (4) the overall strength of the State's case.  *Id*.  We must also consider any other factor, as revealed by the record, that may shed light on the probable impact of the trial court's error on the minds of average jurors.  *Id*.

In his brief, Torres contends that the admission of Officer Belcher's testimony regarding Lucio's statements resulted in harm because the statements: (1) "prompted [Officer] Carnejo to follow and arrest" Torres; (2) "brought forth the State's belief that a weapon, other than the one stolen from the car wash office, was used to threaten him;" and (3) identified Torres as one of Lucio's assailants.  Torres's first two contentions rest on a flawed harm analysis.  A harm analysis relating to the improper admission of evidence focuses on the effect the erroneously admitted evidence had on the jury's verdict.  *See* TEX. R. APP. P. 44.2(a).  Torres's first two contentions do not focus on the effect Lucio's statements had on the jury's verdict, but instead Torres erroneously focuses on the effect Lucio's statements had on the officers in the field during the course of their investigation.[1]  Because Torres's first two contentions relating to the harm analysis are flawed, we focus our harm analysis on Torres's argument that the erroneous admission of Officer Belcher's testimony regarding Lucio's identification of Torres as one of his assailants resulted in harm.

In this case, the identification by Lucio was intended to establish that Torres was the person who committed the offense.  In addition to Lucio's testimony, Torres's own statement to the police

---

[1] We also note that evidence regarding the investigating officers' actions in the field in reliance on the descriptions provided by Lucio was admitted through many witnesses without objection.  *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (noting objection to evidence will not result in reversal when other such evidence was received without objection).

implicated his involvement by telling Detective Schepis where he could locate a stolen truck. Furthermore, when he was arrested, Torres was attempting to secrete the coins stolen during the robbery under the seat of the cab. Finally, two men robbed Lucio, and Torres was accompanied in the cab by Jesse Hernandez, who was in possession of the stolen handgun. Although we acknowledge that the jury sent a note requesting to have the testimony regarding Lucio's identification of Torres re-read, Lucio's identification of Torres was cumulative of the other evidence. In addition, other evidence corroborated Lucio's identification, and the State's case was particularly strong in view of Torres's own statement and actions. In view of the entire record, we are assured beyond a reasonable doubt that the trial court's error did not contribute to the conviction. *See id*. Torres's fourth point of error is overruled.

### SUFFICIENCY OF THE EVIDENCE

When a party attacks the legal sufficiency of the evidence, we view the evidence and reasonable inferences therefrom in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Torres contends that the evidence is legally insufficient to establish that a deadly weapon was used or exhibited to facilitate the offense. Upon Officer Belcher's arrival at the scene, Lucio instantaneously told her that he had been robbed at gunpoint. In addition, Detective Kent Hamilton testified, without objection, that Officer Belcher determined that Lucio had been held up at gunpoint. This testimony is legally sufficient to establish that a deadly weapon was used or exhibited to facilitate the offense. Torres's fifth point of error is overruled.

## DOUBLE JEOPARDY

In his sixth point of error, Torres asserts that his double jeopardy rights were violated when he was convicted and sentenced on two counts of aggravated robbery. The first count charged Torres with aggravated robbery by using or exhibiting a deadly weapon, while the second count charged Torres with aggravated robbery because he threatened or placed the victim in fear of imminent bodily injury or death and the victim was 65 years of age or older. Because the allowable unit of prosecution for an assaultive offense is per victim, the State concedes that Torres's conviction on both counts violated Torres's double jeopardy rights since there was only one victim. *See Williams v. State*, 240 S.W.3d 293, 300 (Tex. App.—Austin 2007, no pet.); *see also In re V.M.H.*, No. 04-06-00618-CV, 2007 WL 2935404, at *2 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) *(*noting alternative means of aggravation do not give rise to separate offenses). The State also concedes that the appropriate remedy is to vacate the judgment of the conviction on Count II. *See Williams*, 240 S.W.3d at 300 (describing appropriate remedy). Accordingly, we sustain Torres's sixth point of error and vacate the trial court's judgment as to Count II.

## JURY CHARGE

In his seventh point of error, Torres complains that the jury charge did not ensure that the conviction as to each separate count was unanimous. This is not a case like *Ngo v. State* where the two counts were submitted disjunctively in a single application paragraph. 175 S.W.3d 738, 742 n.5 (Tex. Crim. App. 2005). Instead, the jury charge in this case had separate application paragraphs as to each count requiring the jury to consider and respond to each count separately. Moreover, the jury was given separate verdict forms as to each count. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007) (noting simplest way to ensure each allegation is decided unanimously is to submit

separate verdict forms). Finally, the jury charge instructed the jury, "After you have reached a unanimous verdict the presiding juror will certify thereto by filling in the appropriate forms to this charge and signing his or her name as presiding juror." Torres ignores the existence of the separate application paragraphs and separate verdict forms in his brief. Because the jury was instructed that it must reach a unanimous verdict and because separate application paragraphs and separate verdict forms were included with regard to each count, Torres's seventh point of error is overruled.

### READING BACK TESTIMONY

In his eighth point of error, Torres complains that the trial court abused its discretion in reading back the testimony of a witness in response to a jury note.

Article 36.28 of the Texas Code of Criminal Procedure provides that "if the jury disagree[s] as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other...." TEX. CODE CRIM. PROC. ANN. art. 36.28 (Vernon 2006). When the jury asks that certain testimony be re-read, the trial judge must first determine if the request is proper. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under article 36.28. *Id*. Instead, the request must reflect that the jurors disagree about a specified part of the testimony. *Id*. The trial court's conclusion as to whether there is a factual dispute between the jurors is reviewed for an abuse of discretion. *Id*. A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id*.

Torres contends that the jury's note did not specify what conflict existed regarding the evidence. The jury's note, however, reads as follows:

> We would like to review the specific testimony regarding the specific identification of the defendant by Pete Lucio.
>
> [Signature of jury foreperson]
>
> We are in conflict about the testimony that some remember hearing and others did not.

The trial court did not abuse its discretion in determining that the jury's note identified a disagreement among the jurors with regard to whether testimony existed regarding the identification of Torres by Lucio. Accordingly, Torres's eighth point of error is overruled.

## CONCLUSION

The trial court's judgment of conviction with regard to Count II of the indictment is vacated. The trial court's judgment of conviction with regard to Count I is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH