ACCEPTED
06-15-00083-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/3/2015 2:11:28 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00083-CR

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/3/2015 2:11:28 PM
DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS FOR THE SIXTH DISTRICT, TEXARKANA, TEXAS

_____

**ROBERT JUSTIN MOORHEAD**
*Appellant,*
v.
**THE STATE OF TEXAS**
*Appellee.*

_____

On Appeal from Cause No. 44,128-A
In the 188th Judicial District Court of Gregg County, Texas
Honorable David Brabham, Presiding Judge

_____

## APPELLANT'S BRIEF

_____

Jonathan Wharton
SNOW E. BUSH, JR., P.C.
Texas State Bar No. 24075764
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax (903) 753-7278
jonathanwharton1@sbcglobal.net
**ATTORNEY FOR APPELLANT**
**ROBERT JUSTIN MOORHEAD**

November 6, 2015

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists the following parties affected by this appeal, and their respective appellate and trial counsel:

Appellant: Robert Justin Moorhead

Jonathan Wharton
Snow E. Bush, Jr., P.C.
420 N. Center Street
Longview, TX 75601
Tel. 903.753.7006
Fax 903.753.7278
jonathanwharton1@sbcglobal.net
**Court-Appointed Appellate Counsel for Robert Justin Moorhead**

Kevin G. Giddens
1215 Pruitt Place
Tyler, TX 75703
Tel. 903.526.9000
**Appointed Trial Counsel for Robert Justin Moorhead**

Appellee: The State of Texas

Zan Brown
Gregg County District Attorney's Office
101 East Methvin Street, Suite 333
Longview, TX 75601-7252
Tel. 903.236.8440
Fax 903.236.8490
**Appellate Counsel for the State of Texas**

Debbie Garrett
Gregg County District Attorney's Office

101 East Methvin Street, Suite 333
Longview, TX 75601-7252
Tel. 903.236.8440
Fax 903.236.8490
**Trial Counsel for the State of Texas**

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**NO REQUEST FOR ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**PRAYER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**CERTIFICATE OF COMPLIANCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

## STATUTES

Tex. Pen. Code § 12.35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Pen. Code § 12.42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Pen. Code § 12.425 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Pen. Code § 22.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Pen. Code § 38.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## CASES

*Baker v. State*, 278 S.W.3d 923 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Curry v. State*, 30 S.W.3d 394 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . 9

*Heath v. State*, 817 S.W.2d 335 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . 10

*Martinez v. State*, 225 S.W.3d 550 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . 10

*Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF THE CASE

Robert Justin Moorhead pled guilty to aggravated assault and evading arrest with a vehicle. 3 RR 7. The case was tried to the court on punishment. 3 RR 11. The trial court convicted him, found the enhancement paragraphs true, and sentenced him to fifteen years in the penitentiary on both charges, to run concurrently, with a deadly weapon finding on the aggravated assault. 4 RR 41-42.

## NO REQUEST FOR ORAL ARGUMENT

Because this case is not very complex, the court's decisional process would not benefit from oral argument.

## ISSUES PRESENTED

1.    The defendant was indicted for the state-jail felony offense of evading arrest with a motor vehicle and was sentenced to fifteen years confinement. Is the sentence illegal?

## STATEMENT OF FACTS

Robert Justin Moorhead was indicted for aggravated assault and evading arrest with a vehicle. CR 5. The indictment included an enhancement paragraph based on a prior conviction for harassment of a public servant. CR 5. After admonishments, Moorhead waived his right to a jury trial. 2 RR 4-7; CR 15.  He pled guilty and proceeded to a bench trial on punishment. 3 RR 7-9 .

The trial court and the prosecution thought that evading arrest with a motor

5

vehicle is ordinarily a third-degree felony. 3 RR 13. But evading arrest is a state jail felony unless the defendant has a previous conviction for evading arrest. Tex. Pen. Code § 38.04(b). Based on the belief that the evading charge was a third-degree felony, the trial court thought it was enhanced to a second-degree felony by Moorhead's prior conviction. The trial court assessed punishment at fifteen years in the penitentiary on both the evading arrest and aggravated assault charges, to run concurrently. 4 RR 41-42.

## SUMMARY OF THE ARGUMENT

Evading arrest with a motor vehicle is a state jail felony. The indictment did not allege facts that would enhance the charge to a second-degree felony. The sentence of fifteen years is an illegal sentence for a state jail felony conviction, so the case should be remanded to the trial court for a new sentencing hearing.

## ARGUMENT

### I. The Fifteen-Year Sentence is Illegal

#### A. *Moorhead Was Indicted for the State-Jail Felony Offense of Evading Arrest with a Motor Vehicle*

Moorhead was sentenced to fifteen years for evading arrest with a motor vehicle. 4 RR 41-42. The reason is that the trial court thought that the evading arrest with a motor vehicle charge was a third-degree felony. 3 RR 13. If that were true, the

third-degree charge would enhance to a second-degree felony based on a single previous felony conviction, as the trial court was led to believe. Tex. Pen. Code § 12.42(a); 3 RR 13 ("The Court: On the Count II of the indictment, evading arrest or detention with a vehicle, that is a—ordinarily, a third-degree felony. Counsel, now with the enhancement it would be a second-degree felony punishment range; is that correct? [The Prosecution]: Yes, Your Honor, that's correct.")

Normally, evading arrest with a motor vehicle is a state jail felony, though. Tex. Pen. Code § 38.04(b)(1). It is only a third-degree felony if the defendant has previously been convicted of evading arrest or if someone suffers serious bodily injury as a result of the flight. Tex. Pen. Code § 38.04(b)(2). The indictment did not allege either a previous evading arrest conviction or serious bodily injury. CR 5. Thus, the evading arrest charge as indicted was a state jail felony.

State jail felonies may be enhanced based on previous convictions. Tex. Pen. Code § 12.35; Tex. Pen. Code § 12.425. There are three ways for state jail felonies to become second-degree felonies: (1) two previous, sequential convictions for third-degree-and-up felonies; (2) a two-step process involving a deadly weapon finding; or (3) a previous felony conviction with an affirmative deadly weapon finding or certain enumerated crimes like human trafficking. Tex. Pen. Code § 12.425(b)-(c); Tex. Pen. Code § 12.35(c)(2). The indictment does not allege any of those

enhancements.

As for (1) and (3), the indictment does not contain anything about the two previous, sequential convictions for felonies. It also does not allege a previous conviction involving the enumerated crimes or an affirmative deadly weapon finding. CR 5; Tex. Pen. Code § 12.35(c)(2) (enumerating crimes); *see also* State's Exhibit 3A (charge used for enhancement did not have a deadly weapon finding and did not involve one of the enumerated crimes).

The indictment does not allege an enhancement under option (2) either. The two-step process for enhancing state jail felonies to second-degree felonies works as follows. First, state jail felonies may be enhanced to third-degree felonies if a deadly weapon was used in the commission of the offense. Tex. Pen. Code § 12.35(c). Second, the charge is further enhanced up to a second-degree felony if the defendant has also previously been convicted of a third-degree felony or greater. Tex. Pen. Code § 12.425(c). The State alleged step two, which is that Moorhead had previously been convicted of harassing a public servant, a third-degree felony. CR 5; Tex. Pen. Code § 22.11(b). But the State did not satisfy step one, which was to allege that Moorhead used a deadly weapon in the commission of the evading charge. CR 5. The only mention of a deadly weapon is under "Count I," which alleges that Moorhead committed aggravated assault with a deadly weapon. "Count II," the evading arrest

count, does not allege the use of a deadly weapon. CR 5.

**B. _The Indictment Did Not Authorize a Second-Degree Felony Conviction for Evading Arrest with a Motor Vehicle_**

Defendants cannot be convicted of crimes they were not indicted for, and Moorhead was not indicted for third-degree felony evading arrest with a motor vehicle, and no enhancement was alleged that would enhance his state jail felony offense to a second-degree felony. *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007). "Permitting more convictions than authorized by the indictment implicates a defendant's due-process right to notice. . . . The charge must be known before the proceedings commence, and the charges cannot be amended (nor added to), once the proceedings are underway." *Id.*

The indictment did not authorize a conviction for second-degree felony evading arrest. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). The "law" as "authorized by the indictment" means the statutory elements of the law as modified by the charging instrument. *Curry*, 30 S.W.3d at 404. The charging instrument sets out a state jail felony offense, so the conviction is for a state jail felony offense. There is legally insufficient evidence to support a second-degree felony offense based on the indictment in this case. It would be a violation of Moorhead's due process right to notice under the Fourteenth Amendment to permit a conviction for an offense that

9

was not alleged in his indictment. *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007).

### C. The Fifteen-Year Sentence is Illegal and Therefore a New Sentencing Hearing is Required

Because Moorhead was indicted and convicted of a state jail felony offense, his sentence of fifteen years is outside the statutory punishment range and is thus illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Illegal sentences are void, and the problem may be raised at any time without the necessity of an objection. *Heath v. State*, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991). This case should be remanded to the trial court for a new sentencing hearing. *See Baker v. State*, 278 S.W.3d 923, 927 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

## PRAYER

Robert Justin Moorhead respectfully requests that this Court remand this case to the trial court for a new sentencing hearing on the evading-arrest-with-a-motor-vehicle charge.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax. (903) 753-7278

10

E-mail: jonathanwharton1@sbcglobal.net

By: /s/ Jonathan Wharton

JONATHAN WHARTON
STATE BAR NO. 24075764
ATTORNEY FOR APPELLANT,
ROBERT JUSTIN MOORHEAD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to Zan Brown, counsel for appellee, on this the 3d day of November, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON

## CERTIFICATE OF COMPLIANCE

I hereby certify that the Appellants Brief (as measured under Tex. R. App. P. 9.4(i)(1)) contains 1,283 words as counted by Microsoft WordPerfect on this the 3d day of November, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON