

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,008-07

**Ex parte WARREN KEITH RODGERS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 16,940-2001-B IN THE 402ND DISTRICT COURT
## WOOD COUNTY

KELLER, P.J., filed a dissenting opinion in which HERVEY and YEARY, JJ., joined.

There is a clerical error in Applicant's judgment. He seeks to remedy it *via* an application for a writ of habeas corpus. Because this is a subsequent application that does not meet either of the exceptions to the subsequent writ bar in Article 11.07 § 4, we are not permitted to consider the merits of the claim. Applicant's proper remedy is through a judgment *nunc pro tunc*.

Applicant was indicted for two counts of murder, both involving the same victim. The first count alleged that Applicant "intentionally and knowingly" caused the death of the victim by placing her on a railroad track to be struck by a train. The second count alleged that Applicant, "with intent to cause serious bodily injury . . . intentionally commit[ted] an act clearly dangerous to human life"

by running over her with a vehicle. These counts should have been paragraphs,[1] because they were merely alternate manners and means of committing the murder.[2]

Evidence supporting both counts was presented at trial.[3] Despite the indictment's error in grouping the different methods of committing murder into counts rather than paragraphs, the trial court correctly submitted a single offense to the jury with two alternative methods of commission.[4] The jury delivered a single verdict of guilty, which specified guilt on two counts, and the trial court pronounced one sentence on that verdict. In its findings, the habeas court concludes that there was only one conviction. But the judgment states "two counts" in a parenthetical next to the cause number, and based on this parenthetical, the Texas Department of Criminal Justice (TDCJ) is treating the judgment as two convictions.

Applicant claims actual innocence, ineffective assistance of counsel, and a double jeopardy violation. Two murder convictions for the death of the same individual violates the protection against double jeopardy.[5] The problem here is that Applicant has raised this claim for the first time

---

[1] *See Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007) (Counts are supposed to charge separate offenses while paragraphs are supposed to charge separate statutory methods of committing the same offense.).

[2] This is true regardless of whether the variance in the theories of murder is factual, *see Johnson v. State*, 364 S.W.3d 292, 296-97 (Tex. Crim. App. 2012), or legal. *See Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010).

[3] *See Rodgers v. State*, 162 S.W.3d 698, 702-05 (Tex. App.—Texarkana 2005), *aff'd*, 205 S.W.3d 525 (Tex. Crim. App. 2006).

[4] However, the verdict form allowed the jury to specify which count or counts the jury found to be true.

[5] *See Ex parte Ervin*, 991 S.W.2d 804, 807-11, 815 (Tex. Crim. App. 1999) ("We agree with the vast majority of jurisdictions holding that variants of murder contained within the same statutory section are the same offense for double jeopardy purposes when the same victim is involved.").

in a subsequent application.

The habeas statute prohibits us from considering the merits of a subsequent application unless a statutory exception is met.[6] The statute sets forth two exceptions[7] that are sometimes called (1) the new basis exception, and (2) the innocence-gateway exception.[8] To meet the new basis exception, an applicant must show that "the current claims and issues have not been and could not have been presented" in a prior application because the factual or legal basis for the claim was unavailable.[9] To meet the innocence-gateway exception, an applicant must show that "by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt."

Applicant has not shown a new factual or legal basis. The fact that TDCJ is treating the judgment as two convictions was available at the time he filed his original application. The relevant double-jeopardy authority existed even before he was convicted,[10] as did authority for correcting clerical errors in a judgment.[11]

Applicant has also not met the innocence-gateway exception. Recently, in *Ex parte St. Aubin*, we dismissed a multiple-punishments double-jeopardy claim under the subsequent-writ bar.[12]

---

[6] TEX. CODE CRIM. PROC. art. 11.07, § 4(a).

[7] *See id.* § 4(a)(1), (2).

[8] *See Ex parte St. Aubin*, NO. WR-49,980-12 through -16, 2017 Tex. Crim. App. LEXIS 885, *3 (Tex. Crim. App. September 20, 2017) (plurality op.); *id.* at *5 (majority op.).

[9] Art. 11.07 § 4(a)(1).

[10] *See supra* at n.3.

[11] *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

[12] *St. Aubin*, 2017 Tex. Crim. App. LEXIS 885, *8.

A plurality of the Court reasoned that the innocence-gateway exception requires "at the very least, that the alleged constitutional violation occur at or before a finding of guilt"[13] and that a multiple-punishments double-jeopardy violation occurs later, namely, "upon entry of judgment . . . after sentencing."[14]  A concurring opinion concluded that St. Aubin's double-jeopardy claim was not cognizable on habeas because it could have been raised on direct appeal.[15]  On this basis, the concurrence declined to address whether St. Aubin's claim met the innocence-gateway exception, but acknowledged as "legally correct" the plurality's "differentiation of multiple-punishments and successive-prosecution double jeopardy rights."[16]  Applicant's claim fails to meet the innocence-gateway exception for the reasons articulated by the plurality in *St. Aubin*.[17]

The usual way to correct a clerical error in a judgment is to apply to the trial court for a judgment *nunc pro tunc*.[18]  Although relief appears be a foregone conclusion, we should ensure that it is awarded consistent with the mandate in §4.

Filed:  November 15, 2017
Publish

---

[13]  *Id.* at *3.

[14]  *Id.* at *5.

[15]  *Id.* at *10-13 (Keasler, J., concurring).

[16]  *Id.* at *13.

[17]  It is possible that Applicant's claim is not cognizable on habeas for other reasons (such as being curable by a judgment *nunc pro tunc*).  *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (pre-sentence time credit claims typically must be raised by motion for judgment *nunc pro tunc* rather than on habeas).

[18]  *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (*nunc pro tunc* judgment can be used by trial court to correct a clerical error, "when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record.").