

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-17-00018-CR
_____

DORJEAN RENEE BAILEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1454212D

---

Before Pittman, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Dorjean Renee Bailey pled guilty to aggravated assault with a deadly weapon, and a jury convicted her and sentenced her to five years' confinement. Because Appellant entered into a charge bargain and the trial court's amended certification states that she has no right of appeal, we dismiss this appeal.

A grand jury indicted Appellant with three counts:

*Count One*    aggravated assault causing serious bodily injury;

*Count Two*    aggravated assault causing bodily injury, and a deadly weapon was used or exhibited; and

*Count Three*   failure to stop and render aid.

The first two counts charged second-degree felonies, Tex. Penal Code Ann. § 22.02(a), (b) (West 2011); the third count charged a third-degree felony, Tex. Transp. Code Ann. § 550.021(a), (c)(1)(B) (West Supp. 2018).[1]

---

[1]The first two counts alleging aggravated assault should appear as two paragraphs of a single count, *see* Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 2009); *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007). Convictions on both would violate double jeopardy. *See Martinez*, 225 S.W.3d at 554; *see, e.g., Mohammed v. State*, No. 02-15-00127-CR, 2016 WL 3659113, at *10 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op., not designated for publication). Count Three—alleging that Appellant failed to stop and render aid—appears to charge a distinctly different offense from aggravated assault. *Compare* Tex. Penal Code Ann. § 22.02(a) *with* Tex. Transp. Code Ann. § 550.021(a); *see, e.g., Stinecipher v. State*, 438 S.W.3d 155, 161–63 (Tex. App.—Tyler 2014, no pet.) (holding that criminally negligent homicide and failure to stop and render aid are not the same offenses because they have different gravamina, different units of prosecution, and exclusive elements).

In a hearing before jury selection and outside the venire panel's presence, the prosecutor stated: "The charge which the State is planning on proceeding on, just Count Two of the aggravated assault with a deadly weapon, if [Appellant] does as she has indicated and plead[s] guilty to that count. If that occurs, we will waive Counts One and Three of the indictment." Appellant pled guilty to Count Two—aggravated assault with a deadly weapon—and elected a jury trial on punishment. Thereafter, the prosecutor confirmed that the State would waive Counts One and Three.

In the same pretrial hearing, Appellant's counsel waived a motion in limine, averred that "the State ha[d] provided . . . everything that they're required to," and answered, "I think that's it, Your Honor," when the magistrate judge asked, "Anything else then?"

After sentencing Appellant in accordance with the jury verdict, the trial court stated on the record that Appellant has the right of appeal. Similarly, the trial court's original certification of Appellant's right to appeal provided that her case "is not a plea-bargain case and [she] has the right to appeal." However, the State's agreement to waive Count Three in exchange for Appellant's guilty plea to Count Two is a charge bargain, which qualifies as a plea bargain subject to rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 25.2(a)(2), (d); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *see also Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009).

We therefore abated this appeal on October 5, 2018, so that the trial court could amend its certification of Appellant's right to appeal to comport with the record.  *See* Tex. R. App. P. 25.2(d), 34.5(c)(2).  On October 9, 2018, the trial court signed an amended certification stating that this "is a plea-bargain case, and [Appellant] has NO right of appeal."

An appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record."  Tex. R. App. P. 25.2(d).  Under rule 25.2 of the Texas Rules of Appellate Procedure, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Because the trial court has now certified that Appellant entered into a plea bargain and has no right of appeal, we dismiss this appeal.  *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez*, 183 S.W.3d at 680; *Angel v. State*, No. 02-17-00231-CR, 2018 WL 4140738, at *1–2 (Tex. App.—Fort Worth Aug. 30, 2018, no pet. h.) (mem. op., not designated for publication); *Moore v. State*, No. 02-17-00216-CV, 2017 WL 6759035, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 21, 2018

4