

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00043-CR
No. 02-18-00044-CR
No. 02-18-00045-CR
No. 02-18-00046-CR

_____

RICKY DARRELL LOVE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1492176D, 1492187D, 1492192D, 1492579D

---

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

In multiple judgments, the trial court convicted Appellant Ricky Darrell Love of eight offenses, including four burglary offenses for which he had not been charged. In five issues, Appellant challenges his convictions for the uncharged offenses and argues that the sentencing for his other offenses violates his Eighth Amendment right against cruel and unusual punishment. We vacate the four challenged burglary convictions and affirm the trial court's judgments as modified.[1]

## DISCUSSION

### I. Appellant's Convictions for Uncharged Offenses is Harmful Error.

In four indictments, the State charged Appellant with multiple felonies. In each case, Appellant made an open guilty plea and pled true to that indictment's enhancement paragraphs. In the indictments for case numbers 1492187D and 1492579D, Appellant was charged with one count of burglary of a vehicle with two previous convictions. However, the trial court's judgments in these two cases show Appellant guilty of a total of six burglary offenses—four in case number 1492187D and two in case number 1492579D. Appellant's first issue challenges the convictions for the four additional burglary offenses for which he had not been charged. He argues that because he pled guilty to only two burglary offenses, the guilty pleas reflected in the trial court's judgment are not valid as to the additional offenses.

---

[1]Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we omit a general factual background.

As the State concedes, Appellant's conviction of uncharged burglary offenses constitutes harmful error. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007). Accordingly, we vacate Appellant's convictions for burglary in counts two, three, and four in trial court case number 1492187D (appellate case number 02-18-00044-CR) and his burglary conviction in count two in trial court case number 1492579D (appellate case number 02-18-00046-CR). Because doing so moots Appellant's second, third, and fourth issues, we do not consider them.[2] *See* Tex. R. App. P. 47.1.

## II. Appellant's Sentence Was Not Cruel and Unusual.

In his fifth issue, Appellant argues that the trial court abused its discretion and violated his Eighth Amendment right against cruel and unusual punishment by sentencing him to nine years in prison with no community supervision[3] or mental health treatment and not following the recommendation of a TAIP counselor,[4] who

---

[2]Appellant's second, third, and fourth issues assert that because of his conviction of uncharged offenses, his right to a jury trial was violated; his double jeopardy rights were violated; and he was deprived of his constitutional and statutory rights to a grand jury indictment on the uncharged counts.

[3]Although Appellant argues that the trial court abused its discretion by not granting community supervision, the decision of whether to grant community supervision "is wholly discretionary and nonreviewable." *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999).

[4]Tarrant County's "Treatment Alternative to Incarceration Program (TAIP) provides chemical dependency screening, assessment, and referral, along with funding for appropriate outpatient treatment." *See* Tarrant Cty., Tex., Comty. Supervision & Corr. Dep't, https://access.tarrantcounty.com/en/community-supervision-

3

recommended a special needs substance abuse felony punishment facility.[5] In the judgments as modified, Appellant has been convicted of two counts of burglary of a vehicle and two counts of debit card abuse. *See* Tex. Penal Code Ann. §§ 30.04, 32.31. Each count in each indictment included a state jail felony enhancement paragraph alleging that Appellant had been finally convicted of two prior felony offenses, and Appellant pled true to these enhancement paragraphs. The enhancement paragraphs elevated each offense to a second-degree felony with a punishment range of two to twenty years' confinement and a fine of up to $10,000. *See* Tex. Pen. Code Ann. §§ 12.33, 12.425. In each case, the trial court sentenced Appellant to nine years' confinement, with the sentences to run concurrently.

Because the sentences are within the punishment range, the trial court's judgments are cruel and unusual punishment under the Eighth Amendment only if they are grossly disproportionate to the offenses. *See Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983); *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). However, instead of discussing the sentences imposed in light of the underlying offenses, Appellant focuses his argument on his mental health at the time of the offenses. He argues that it was unreasonable for the trial court to have

---

corrections/cscd-programs-and-services/treatment-alternative-to-incarceration-program-taip.html.

[5]*See* Tex. Code Crim. Proc. Ann. art. 42A.303 (providing that a court may require as a condition of community supervision that the defendant serve a term of confinement and treatment in a substance abuse felony punishment facility).

determined his sentence without considering that "his crimes all predate the intense drug treatment and other efforts at rehabilitation he underwent at the state hospital," which he describes as a transformative experience. And he contends that at the time of the offenses, he was not on the medication he takes to treat several health conditions, including major depressive disorder with psychotic features, schizophrenia, and schizoaffective disorder. He does not, however, cite any cases that support an argument that his sentences were an abuse of discretion.

Appellant's rehabilitative efforts are laudable. However, sentences that fall within the statutory punishment range and are not grossly disproportionate to the offenses committed are not cruel and unusual punishment under the Eighth Amendment. *See Solem*, 463 U.S. at 284, 103 S. Ct. at 3006; *Chavez*, 213 S.W.3d at 323. Nor can we say that the trial court abused its discretion by imposing the sentences. *See Chavez*, 213 S.W.3d at 323–24 (noting that "the sentencer's discretion to impose any punishment within the prescribed range" is "essentially unfettered" and stating that "[s]ubject only to a very limited, exceedingly rare, and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal" (internal quotations and citations omitted)); *Karrenbrock v. State*, No. 02-16-00386-CR, 2018 WL 5289352, at *4 (Tex. App.—Fort Worth Oct. 25, 2018, pet. ref'd) (noting same).

We overrule Appellant's fifth issue.

5

## CONCLUSION

Having sustained Appellant's first issue and overruled his fifth issue, we affirm the trial court's judgments as modified.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 23, 2019

6