

# In the Court of Criminal Appeals of Texas

No. PD-0099-23

JEMADARI CHINUA WILLIAMS,

*Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Fourth Court of Appeals
Kerr County

YEARY, J., filed a dissenting opinion.

In a single-count indictment, the State charged Appellant with aggravated promotion of prostitution. *See* TEX. PENAL CODE § 43.04.

Specifically, the indictment charged that Appellant, "did then and there knowingly own, invest in, finance, control, supervise, or manage a prostitution enterprise that used at least two prostitutes." *See id.* Appellant contends before this Court that each of these methods of violating Section 43.04(a) is properly construed to be an element of one of six distinct offenses rather than alternate manners and means of committing the same offense. Consequently, he argues, alleging each of these offenses in the same count deprived him of sufficient notice of the charge against him.

The Court today resolves that question by assuming without deciding that—because Appellant used the language "manner and means" in the trial court and the court of appeals—the phrase "owns, invests in, finances, controls, supervises, or manages" presents alternate manners and means of committing aggravated promotion of prostitution. *See* Majority Opinion at 5–6; TEX. PENAL CODE § 43.04. Because Appellant's single-count indictment included each of the "six possible methods" of violating that statute, the Court concludes, under *Ferguson v. State*, that Appellant had adequate notice that the State intended to prove *all* the manners and means specified in the statute.[1] Majority Opinion at 2, 8; *see* 622 S.W.2d 846, 851 (Tex. Crim. App. 1981) (op. on State's mot. for reh'g). I do not disagree with the Court's reasoning but with its premise.

Whether the six statutory methods of violating Section 43.04(a)

---

[1] Note that this kind of charge is appropriate only when the State, in good faith, intends to preserve the option to present evidence that the accused violated the given statute by every manner and means described by that statute.

constitute alternative manners and means of committing one offense or elements of six distinct offenses is, in my view, outcome-determinative in this case. As a starting point, to determine whether an indictment gives adequate notice, a court must "[f]irst . . . identify the elements of [the] offense." *State v. Barbernell*, 257 S.W.3d 248, 255 (Tex. Crim. App. 2008). In other words, if Section 43.04(a) identifies elements, rather than manners and means of committing aggravated promotion of prostitution, then at the very least, Appellant was entitled to an indictment charging each of those offenses in separate counts. TEX. CODE CRIM. PROC. art. 21.24(a) ("Two or more offenses may be joined in a single indictment . . . with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defend in Chapter 3 of the Penal Code"); *id.* at 21.24(b) ("A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense."); *see also Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007) ("Permitting more convictions than authorized by the indictment implicates a defendant's due-process right to notice."). But the court of appeals in this case failed to address this most necessary question: Are the options listed in Section 43.04(a) of our Penal Code different elemental offenses or different manners or means of committing a single offense?

The answer to that question is important for other reasons as well. First, resolution of that question affects what questions a jury is required to answer unanimously in order to find a defendant guilty under Section 43.04(a). *See Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011) ("[T]he jury must unanimously agree about the

occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed."). Similarly, resolution of that question also affects how the principles of double jeopardy will apply when raised with respect to Section 43.04(a). *See Nawaz v. State*, 663 S.W.3d 739, 746 (Tex. Crim. App. 2022) ("Jury unanimity and double jeopardy, the Court has said, 'are closely intertwined strands of our jurisprudence' that 'address the same basic question: In a given situation, do different legal theories of criminal liability comprise different offenses, or do they comprise alternate methods of committing the same offense?'") (quoting *Huffman v. State*, 267 S.W.3d 902, 905 (Tex. Crim. App. 2008)).

Appellant argues in his responsive brief before this Court, on the State's petition for discretionary review, that the statute's use of the words "owns, invests in, finances, controls, supervises, or manages" identifies elements of, and not simply alternative manners and means of committing, aggravated promotion of prostitution. It is true that in the trial court, and in the court of appeals, Appellant's counsel called these statutory options "manners and means." But it was clear enough that his argument was that the State must be required to choose which statutory offense it would pursue in the one and only count of the charging instrument approved by the grand jury against him. His motion to quash stated that his "rights . . . to be fairly informed of the charge against which he was required to defend was denied by the failure of the Indictment to allege an essential element of the offense, namely the manner and means of committing the offense." And he argued at the hearing on the motion to quash:

> They will have to narrow this down and specify which manner and means out of the six possible options. Does he own it? Does he invest in it? Does he finance it? Does he control it? Does he supervise it or does he manage it? Or is it all of the above? But they don't state that and that lacks specificity for my client to be able to defend against this indictment sufficiently.
>
> For us to defend against it, we have to go through and defend against each one of these manner and means, and all they have to do is pick one and go after it, but we still have to go after all six, and I think that is fundamentally unfair to my client.

I would not resolve this important question of statutory construction by assuming, simply because Appellant used the unfortunate words "manner and means" at trial and before the court of appeals, that Section 43.04(a) specifies the manners and means of committing aggravated promotion of prostitution, rather than the elements of six distinct offenses. To resolve the issue that we hoped to review in this case without first addressing this important predicate legal issue risks resolving this case incorrectly and, more importantly, muddling our jurisprudence.

The court of appeals did not address this question. But, because the proper resolution of the issue is necessary to an appropriate disposition of the issue raised by appellant in the trial court and resolved in the court of appeals, the court of appeals should be the one to address it in the first instance. Consequently, I would remand this case to that court to analyze and determine the correct construction of this statute before addressing the issue on discretionary review. *See Osorio-Lopez v. State*, 663 S.W.3d 750, 757 (Tex. Crim. App. 2022) (noting this Court only reviews issues addressed by the court of appeals unless the proper

resolution of any outstanding issue is clear).

Because the Court does not, I respectfully dissent.

**FILED:**                                                              January 10, 2024
**PUBLISH**