

# NUMBER 13-23-00360-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ALBERTO GUTIERREZ,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF DEWITT COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides**

Appellant Alberto Gutierrez entered an open plea of guilty to the offense of continuous sexual abuse of a young child, a first-degree felony, and the trial court sentenced him to life in prison. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 21.02(b). On appeal, Gutierrez argues that his conviction constitutes a double jeopardy violation

because his indictment alleged, by separate paragraphs, two different periods of abuse, and the judgment refers to each paragraph. We affirm as modified.

## I.    BACKGROUND

Gutierrez was charged in a single indictment with eleven counts related to his ongoing sexual abuse of his step-granddaughter Erin.[1] As relevant here, Count 2 alleged in Paragraph 1 that, during a period that began on or about March 10, 2016, and ended on or about December 11, 2020, Gutierrez committed two or more acts of sexual abuse against Erin while she was under the age of fourteen. Paragraph 2 of the same count also alleged that Gutierrez committed two or more acts of sexual abuse against Erin while she was under the age of fourteen. However, Paragraph 2 also alleged that the acts of sexual abuse occurred on two specific dates: December 10, 2019, and December 10, 2020. Both paragraphs alleged "aggravated sexual assault of a child" as the predicate offenses. Gutierrez did not object to the indictment.

Gutierrez pleaded not guilty to the charged offenses, and a jury trial commenced in July 2023. During the guilt-innocence phase, Gutierrez elected to plead guilty to Count 2, and the State announced that it was abandoning the remaining counts. During the plea hearing, the following exchange occurred between the trial court and the State:

THE COURT:    So the only plea will be to the offenses alleged in Count 2, Paragraph 1 and Count 2, Paragraph 2; is that correct?

---

[1] We have assigned a pseudonym to the child victim to protect her privacy. *See* TEX. CONST. art. 1, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for [their] dignity and privacy throughout the criminal justice process"). It appears, though, that the State used Erin's real name in the indictment. In cases such as these, it is common practice to use a pseudonym in the indictment to protect the identity of a minor complainant, and we encourage the State to adopt that practice if it has not already done so. *See* TEX. CODE CRIM. PROC. ANN. art. 58.105 (entitled "Disclosure of Certain Child Victim Information Prohibited").

2

| [THE STATE]: | Correct. |

After admonishing Gutierrez that by pleading guilty, he would be waiving his rights and subject to a punishment of twenty-five years to life imprisonment for continuous sexual abuse of a young child, Gutierrez pleaded guilty to both paragraphs in Count 2:

| THE COURT: | All right. So, again, I'm going to ask you to Count 2, Paragraph 1 of the Indictment, how do you plead? |
| [GUTIERREZ]: | Guilty. |
| THE COURT: | To Count 2, Paragraph 2 of the Indictment, how do you plead? |
| [GUTIERREZ]: | Guilty. |

Gutierrez also signed a judicial confession admitting "that all allegations contained in the indictment are true and correct." The trial court then announced that it was finding Gutierrez guilty of "the offense alleged in Count 2, Paragraph 1 and the offense alleged in Count 2, Paragraph 2." After a contested sentencing hearing, the trial court announced that it was sentencing Gutierrez to life imprisonment.

The record contains a single judgment of conviction for "CONTINUOUS SEX ABUSE OF A CHILD," and the punishment assessed in the judgment matches the one announced in open court. At the top, next to the trial court cause number, the judgment says, "COUNT NO. TWO (BOTH PARAGRAPHS)." This appeal ensued.

## II. APPLICABLE LAW

The State may charge multiple offenses in a single indictment, "with each offense stated in a separate count." TEX. CODE CRIM. PROC. ANN. art. 21.24(a). "A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense." *Id.* art. 21.24(b). Rather, separate

paragraphs within a single count are used to allege alternative methods of committing the same offense. *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007). "[T]he law does not permit more than one conviction per count in the indictment." *Id.* at 555.

"'Duplicity' is the technical fault of uniting two or more distinct and separate offenses in the same count of an indictment." *Brock v. State*, 495 S.W.3d 1, 6 (Tex. App.—Waco 2016, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 21.24(b)). The rule against duplicitous indictments is based on the defendant's due-process right to receive fair notice of the charges against him. *Martinez*, 225 S.W.3d at 554. A duplicity complaint must be timely raised in the trial court, or the claim is forfeited. *Williams v. State*, 685 S.W.3d 110, 113 (Tex. Crim. App. 2024); *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) ("If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.").

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). "[M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." TEX. PENAL CODE ANN. § 21.02(d). "A defendant may not be charged with more than one count [of continuous sexual abuse] if all of the specific acts of sexual abuse

4

that are alleged to have been committed are alleged to have been committed against a single victim." *Id.* § 21.02(f); *Price v. State*, 434 S.W.3d 601, 605–06 (Tex. Crim. App. 2014) (interpreting § 21.02 and finding that the "statutory language reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single complainant"); *Cisneros v. State*, 622 S.W.3d 511, 521 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.) ("Subsection (f) makes clear that only one § 21.02 charge may be brought when there is only one victim . . . .").

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). A double-jeopardy violation may be raised for the first time on appeal if two conditions are met: (1) the violation is apparent from the face of the record, and (2) the enforcement of the usual rules of procedural default would serve no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). "There are three types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Garfias*, 424 S.W.3d at 58. "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

5

## III.    ANALYSIS

Gutierrez acknowledges that his complaint on appeal stems from an allegedly defective indictment. He also concedes that he did not raise a timely objection to the indictment or object in the trial court that his conviction constituted a double-jeopardy violation. He argues, however, that a duplicity error in the indictment ultimately resulted in a double-jeopardy violation that is apparent from the face of the record, so he may raise the issue for the first time on appeal. *See Ex parte Denton*, 399 S.W.3d at 544. Gutierrez contends that Paragraphs 1 and 2 under Count 2 of the indictment constituted separate offenses for continuous sexual abuse, and thus, he was "convicted of more offenses than were authorized by the indictment" or the Legislature.

The State responds that Paragraphs 1 and 2 were merely alternative means of charging the same offense. According to the State, Paragraph 1 alleged that Gutierrez committed the offense over a "broad period of time," while Paragraph 2 alleged that Gutierrez committed the predicate acts "on two specific dates" that were still more than thirty days apart but fell within the broader period alleged in Paragraph 1. In any event, the State contends that the judgment reflects a single conviction and a single punishment for continuous sexual abuse. To the extent that any error exists in the judgment, the State suggests that we exercise our authority to reform the judgment "to reflect only one paragraph from Count 2."

To begin, it is not clear why the State alleged two different periods of abuse involving the same complainant, especially when the State was not bound by the dates listed in Paragraph 1, the period of abuse alleged in Paragraph 2 was subsumed under

6

the period of abuse alleged in Paragraph 1, and the alleged acts of sexual abuse were the same in each paragraph. *See* TEX. PENAL CODE ANN. § 21.02(d), (f). In other words, Paragraph 2 was superfluous because it did not allege an alternate method of committing the same offense.[2] *See Buxton v. State*, 526 S.W.3d 666, 679–80 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (noting that "§ 21.02 statutorily defines the manner or means of committing the offense of continuous sexual abuse of a child in several alternative ways").

For the same reason, we also reject Gutierrez's assertion that each paragraph alleged a distinct offense. We fail to see how Paragraph 2's redundant allegation of continuous sexual abuse that fell within the period of abuse alleged in Paragraph 1 constitutes a separate offense. *See* TEX. PENAL CODE ANN. § 21.02(b); *Price*, 434 S.W.3d at 605–06. Instead, by pleading guilty to each paragraph, Gutierrez essentially pleaded guilty to committing the same offense twice. Nevertheless, even if we accept Gutierrez's premise, the question then becomes whether Gutierrez was actually convicted and punished twice for the same offense in contravention of the Legislature's clear mandate that a defendant may only be convicted once for continuous sexual abuse when "all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim." TEX. PENAL CODE ANN. § 21.02(f); *see Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017) ("It is only upon entry of a judgment for multiple offenses, after sentencing, that a multiple-punishments violation

---

[2] Before Gutierrez decided to plead guilty, the complainant testified, consistent with the allegations in Paragraph 1, that Gutierrez penetrated her vagina with his penis multiple times a week over the course of several years.

even occurs."); *see also Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *7 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) ("The State is entitled to charge multiple offenses in a multiple-count indictment—even offenses that are the same for double-jeopardy purposes—and to prosecute and obtain jury verdicts for the same offenses in those counts; only multiple convictions and multiple punishments for those same offenses violate double jeopardy.").

A plain reading of the judgment reflects that Gutierrez was convicted of a single count of "CONTINUOUS SEX ABUSE OF A CHILD" and punished within the prescribed sentencing range for that offense. *See* TEX. PENAL CODE ANN. § 21.02(h) (providing a sentencing range for continuous sexual abuse as "imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years"). If Gutierrez had been convicted of two separate counts of continuous sexual abuse, then we would expect that information to be contained either in his judgment of conviction or a separate judgment of conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13) (requiring a judgment of conviction to include "[t]he offense or offenses for which the defendant was convicted"). Instead, all of the statutorily required information in the judgment points to a single conviction. *See id.* art. 42.01, § 1. For example, with multiple convictions, we would expect the judgment to show separate sentences for each conviction. *See id.* art. 42.01, § 1(15). That is simply not the case here; Gutierrez received a single sentence of "LIFE." *See Watkins v. State*, 946 S.W.2d 594, 601 (Tex. App.—Fort Worth 1997, pet. ref'd) (rejecting appellant's argument that the judgment improperly contained four separate convictions, rather than just one, because "the judgment reflects

8

that [appellant] was given a single life sentence, not four concurrent sentences for separate offenses").

The only thing Gutierrez points to in the judgment to support his claim of a multiple-punishment violation is the "COUNT NO. TWO (BOTH PARAGRAPHS)" language at the top of the document. While we agree that this reference to both Paragraphs 1 and 2 in the indictment was improper, it does not materially alter the plain meaning or effect of the judgment. Consequently, Gutierrez has failed to carry his burden to show a multiple-punishment violation that is apparent from the face of the record, and his issue is overruled. *See Ex parte Denton*, 399 S.W.3d at 544.

However, as hinted above, the judgment should be modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (explaining that appellate courts have authority to modify judgments). It is clear from the proceedings that the trial court and the parties believed that Paragraphs 1 and 2 represented alternative methods of committing the same offense under Count 2. Even if this were true, the judgment should reflect a general finding of guilt for the charged offense. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) ("It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted."); *Martinez*, 225 S.W.3d at 555 ("Once the judge receives the jury's verdicts, he should perform the task of deciding what judgment is authorized by those verdicts in light of the controlling law, the indictment, and the evidence presented at trial."). Therefore, we strike "(BOTH PARAGRAPHS)" from the judgment.

9

## IV.    CONCLUSION

We affirm the judgment as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of April, 2024.

10