Opinion filed July 18, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00184-CR

_____

## HAROLD GENE JEFFERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20708-B**

## O P I N I O N   O N   R E M A N D

The grand jury indicted Appellant, Harold Gene Jefferson, for one count of sexual assault of a child and one count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (West 2019), § 22.011(a)(2)(A) (West Supp. 2023). The State filed a motion to amend the indictment, which the trial court granted, to add two more counts of sexual assault of a child (denoted as "SECOND

COUNT" and "THIRD COUNT" in the amended indictment). The State proceeded to trial on the amended indictment. The jury convicted Appellant of all three counts of sexual assault of a child, and the count of indecency with a child. Appellant pleaded true to two prior felony convictions alleged for enhancement purposes. The jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for terms of thirty-five years (Count One), forty-five years (Count Two), and forty-five years (Count Three) on the three convictions for sexual assault of a child, and for a term of twenty-five years on the conviction for indecency with a child (Count Four). The trial court ordered the four sentences to run concurrently. We vacate Appellant's convictions for Counts Two and Three, and we affirm the judgments of conviction on Counts One and Four.

*Procedural History*

On original submission, we affirmed all four judgments of conviction. *Jefferson v. State*, No. 11-18-00184-CR, 2021 WL 2462155, at *6 (Tex. App.—Eastland June 17, 2021) (mem. op., not designated for publication), *rev'd*, 663 S.W.3d 758 (Tex. Crim. App. 2022). Appellant originally asserted two issues on appeal: (1) ineffective assistance of counsel; and (2) his convictions for two counts of sexual assault—those added by the amended indictment—were void. We held that trial counsel was not ineffective, and that Appellant waived his complaint regarding the counts added by amendment. *Id.* at *2–4.

Appellant petitioned the Court of Criminal Appeals for discretionary review, only asserting that we erred by determining that trial counsel was not ineffective for either failing to object to the amended indictment or failing to make a record of his purported objection. *Jefferson v. State*, 663 S.W.3d 758, 760 (Tex. Crim. App. 2022). The Texas Court of Criminal Appeals reversed and remanded the case to this court for further analysis, as "more explanation is required" regarding trial counsel's

strategy or lack thereof. *Id.* at 764. The court clarified that adding two counts of sexual assault resulted in the joinder of "'additional or different offense[s]' in the indictment," but it did not address the issue beyond its relevance to Appellant's claim of ineffective assistance of counsel. *Id.* at 762–64 (quoting TEX. CODE CRIM. PROC. ANN. art. 28.10(c) (West 2006)). Judge Yeary concurred in the majority's holding, but he wrote separately to explain that adding separate offenses by amendment was prohibited in this case, regardless of whether Appellant objected. *Id.* at 764–66 (Yeary, J., concurring).

In Appellant's supplemental brief on remand, he re-urges his ineffective-assistance-of-counsel claim, as well as his argument that the convictions for the two additional counts are void. In this regard, the State on remand agrees that the judgments on the two counts added by amendment are void.

*Background Facts*

On the morning of February 6, 2014, Abilene Police Officer Brent Payne was flagged down by W.M. on North Mockingbird. W.M. reported that his fifteen-year-old daughter C.M. was a runaway and that she might be in the house across the street from their location. Officer Payne was allowed into the home, where he found C.M. naked and asleep in Appellant's bedroom. Officer Payne returned her to W.M.

C.M., who "was very disheveled" and "looked like she'd been up all night," told her father that she had been sexually assaulted. W.M. took her to get drug tested and learned that C.M. had crack cocaine in her system. He then took C.M. to the hospital for a sexual assault examination.

Sexual assault nurse examiner Judy LaFrance examined C.M., and observed that she was "unkept," her "clothes were dirty," and she was not wearing underwear or a bra. C.M. gave LaFrance the following history:

3

> My dad found me at [Appellant's] house. He took me to Serenity House to get a drug screen and then brought me here for a rape kit because I had sex with a 60-year old man. . . . [Appellant]. [Appellant] bought a lot of crack and gives me some if I have sex with him. I've been at [Appellant's] house for two days. We both smoked crack and had sex a lot of times. This drug dealer, Cam, came over. He's been trying to have sex with me for a couple of weeks. He gave me crack to have sex with him and we had sex once this morning.

C.M. also told LaFrance that [Appellant] penetrated her vagina with his penis, that he performed oral sex on her, and that he made her perform oral sex on him. C.M. had a contusion and an abrasion to her genital area, which LaFrance concluded were from recent injuries and consistent with sexual assault. Brent Hester, a DNA analyst at the Texas Department of Public Safety Crime Laboratory in Lubbock, analyzed the swabs LaFrance collected and determined that Appellant could not be excluded as a contributor of the foreign DNA found on C.M.'s breast. He agreed that the presence of Appellant's DNA could have been from his direct contact with C.M.'s breast.

By the time of trial in 2018, C.M. was nineteen years old. C.M. described her transient lifestyle due to both her parents being "severe drug addicts." C.M. testified that she met Patricia Markham while living in a halfway house with W.M.'s girlfriend, and Markham became "like a mother" to her. Markham introduced C.M. to crack cocaine in March of 2013, when C.M. was fourteen years old.

C.M. testified that, by January of 2014, C.M. and Markham were smoking crack cocaine daily. Once they ran out of money, they began staying with Markham's drug dealer, Craig Bell, where they met Appellant. Markham agreed to let Appellant have sex with C.M. in exchange for drugs and money, so the three of them went to Appellant's house on Mockingbird.

4

Although C.M.'s memory was affected by her drug use, she remembered having sex with Appellant "a few times," when he was able to get a full erection. Other times, Appellant would make C.M. perform oral sex on him in exchange for drugs. She also recalled Appellant touching her breasts and performing oral sex on her. C.M. gave LaFrance, her father, and Abilene Police Detective Paul Martinez consistent accounts of what Appellant did to her.

The jury found Appellant guilty of penetrating C.M.'s sexual organ with his sexual organ (Count One), causing C.M.'s mouth to contact his sexual organ (Count Two), contacting C.M.'s sexual organ with his mouth (Count Three), and touching C.M.'s breast with the intent to arouse or gratify his own sexual desire (Count Four). *See* PENAL § 21.11(a)(1), (c), § 22.011(a)(2)(A).

*Analysis*

On original submission of this appeal, Appellant alleged four ways in which his trial counsel was ineffective: (1) he failed to research the law and the facts relating to Appellant's diagnosis of erectile dysfunction (ED); (2) he failed to adequately prepare and present Appellant's defense of ED; (3) he failed to secure an expert to testify about ED; and (4) he failed to object, preserve error, and otherwise contest the motion to amend the indictment. *Jefferson*, 2021 WL 2462155 at *3. On remand, as he did in the Court of Criminal Appeals, Appellant's claim of ineffective assistance of counsel is solely based on the fourth allegation—that his trial counsel was ineffective for either failing to object to the amended indictment or for otherwise failing to preserve error, including failing to memorialize his objection on the record. *Jefferson*, 663 S.W.3d at 759, 761, 763.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have

been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

Appellant filed a motion for new trial that contained most of the allegations upon which he originally based his claims of ineffective assistance of counsel. Appellant's motion for new trial did not allege the specific matter that he is asserting on remand with respect to the amended indictment. In this regard, Appellant referenced the amended indictment in his motion for new trial, but his complaint in the motion was that trial counsel did not inform him of the new charges. At the hearing on his motion for new trial, however, the question of whether Appellant's

trial counsel objected to the amended indictment was briefly addressed. Trial counsel testified that he objected to the requested amendment at a hearing that Appellant attended. However, we do not have a record of any hearing on the State's motion to amend the indictment that reflects this objection. *See Jefferson*, 2021 WL 2462155, at *5.

Because the question of whether Appellant's trial counsel objected to the amended indictment was explored at the hearing on the motion for new trial, on original submission we determined that it was a factual dispute, and as such, we concluded that the trial court resolved the conflict in support of its ruling that denied Appellant's motion for new trial. *Id.* (citing *Rodriguez v. State*, 553 S.W.3d 733, 749 (Tex. App.—Amarillo 2018, no pet.)); *see Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005). In this regard, we concluded that the trial court did not abuse its discretion by denying Appellant's motion for new trial wherein he alleged ineffective assistance of counsel. *Jefferson*, 2021 WL 2462155, at *5.

The Texas Court of Criminal Appeals directs us to reevaluate Appellant's claim of ineffective assistance of counsel under the guidelines of its decision. *Jefferson*, 663 S.W.3d at 759, 764. Among other things, the court determined that the addition of two additional counts of sexual assault in the amended indictment constituted adding an additional offense to the indictment under Article 28.10(c) of the Texas Code of Criminal Procedure and that Appellant's trial counsel "should have known that." *Id.* at 759, 761–62; *see* CRIM. PROC. 28.10(c). Accordingly, we must determine if Appellant's trial counsel was ineffective for either failing to object to the amended indictment under Article 28.10(c) or failing to memorialize the objection in the record.

We previously determined that there was a factual dispute as to whether trial counsel objected to the amended indictment. *Jefferson*, 2021 WL 2462155, at *5.

7

We assumed so based upon the trial counsel's testimony at the hearing on the motion for new trial, and our deference to the trial court's implied finding in support of its denial of the motion for new trial. *Id.* Irrespective of our reliance on the deferential review of the matters addressed at the hearing on the motion for new trial, we now conclude that the appellate record simply does not support a conclusion that Appellant's trial counsel objected to the amended indictment.

The State filed its motion to amend the indictment at 8:05 a.m. on June 4, 2018, and the order granting the motion was filed at 8:07 a.m. on the same day. The State also filed a motion to disclose experts at 8:05 a.m. on June 4, 2018, and the order granting that motion was filed at 8:05 a.m. on the same day. The docket sheet simply shows that the trial court entered both orders with no reference to a hearing. Additionally, there is no reporter's record of a hearing on the State's motion to amend the indictment. The only document filed by Appellant's trial counsel with respect to the amended indictment was a "demand for postponement" under Article 28.10(a) filed on June 7, 2018. The trial court signed an order on June 11, 2018 granting Appellant's demand for postponement.

Simply put, the appellate record does not establish that Appellant's trial counsel objected to the addition of the new counts in the amended indictment pursuant to Article 28.10(c). As noted by the Texas Court of Criminal Appeals, trial counsel should have known that the State's motion to amend the indictment violated Article 28.10(c) because it added two additional offenses. *Jefferson*, 663 S.W.3d at 759, 762. Accordingly, trial counsel either failed to object under Article 28.10(c) or he failed to memorialize his objection. Either way, we conclude that counsel's representation fell below an objective standard of reasonableness and therefore constituted deficient performance under the first prong of *Strickland*. *See* 466 U.S. at 687–88.

Oftentimes, claims of deficient performance fail because the appellate court concludes that trial counsel might have had a sound trial strategy for the challenged conduct. *See Strickland*, 466 U.S. at 689. On original submission, we surmised that trial counsel might not have wanted to oppose a requested amendment of the indictment to avoid an unnecessary delay of the trial. *Jefferson*, 2021 WL 2462155 at *5 (citing *Stewart v. State*, No. 05-95-01056-CR, 1997 WL 196357, at *4 (Tex. App.—Dallas Apr. 23, 1997, no pet.) (not designated for publication)); *see Cruz v. State*, No. 14-22-00566-CR, 2024 WL 1103080, at *5 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, pet. filed) ("Counsel may have strategically decided that objecting to the amendments [to the indictment] would have caused only unnecessary delay in the proceedings without achieving any material benefit for the client.")[1]; *Scales v. State*, 601 S.W.3d 380, 388 (Tex. App.—Amarillo 2020, no pet.) ("Because there is nothing in the record to show why counsel chose not to object to the amendment of the indictment, we cannot say with certainty that counsel's performance was deficient or that it fell below an objective standard of reasonableness. Without some indication of trial counsel's strategy, we cannot meaningfully evaluate his reasons for not objecting.").

However, as the Texas Court of Criminal Appeals has noted, "an indictment cannot authorize more convictions than there are counts." *Jefferson*, 663 S.W.3d at 762 (citing *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007)). Here, Appellant was only indicted for two offenses, but the amended indictment permitted the State to obtain four convictions. *See id.* Thus, Appellant was "convicted of more counts that the indictment allowed." *Id.* at 764. Simple math negates any strategic

---

[1]The court in *Cruz* additionally noted that the defendant had not shown that the State would have been unable to obtain a new indictment had the trial court sustained an objection to the amended indictment. 2024 WL 1103080, at *5.

reason for trial counsel to either fail to object to the amended indictment or fail to memorialize in the appellate record his objection to the amended indictment.

Having determined that Appellant has satisfied the first prong of *Strickland*, we turn to the second prong—prejudice. Specifically, we must determine if there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland,* 466 U.S. at 694. We return again to the matter noted by the Texas Court of Criminal Appeals—Appellant was only indicted for two offenses, but the amended indictment permitted the State to obtain four convictions. We conclude that Appellant was prejudiced by trial counsel's errors of either failing to object to the amended indictment or failing to memorialize his objection in the appellate record. We sustain Appellant's second issue to the extent that it alleges ineffective assistance of counsel with respect to trial counsel's conduct in addressing the amended indictment.

The next question we must resolve is the remedy for trial counsel's ineffective assistance of counsel. In *Lafler v. Cooper*, the Supreme Court addressed the appropriate remedy for deficient performance by an attorney:

> Sixth Amendment remedies should be "tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." Thus, a remedy must "neutralize the taint" of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution.

566 U.S. 156, 170 (2012) (citations omitted); *see Ex parte Cockrell*, 424 S.W.3d 543, 555 (Tex. Crim. App. 2014) (quoting *Lafler*, 566 U.S. at 1388–89). At a minimum, the injury suffered here from the ineffective assistance of counsel is Appellant's convictions on Counts Two and Three and the sentences he received on those counts. On remand, Appellant asserts that the existence of Counts Two and Three prejudiced him with respect to Counts One and Four, and that the only

appropriate remedy is a new trial on all four counts. Accordingly, we must determine if the "taint" of the two unindicted offenses (Counts Two and Three) affected Appellant's convictions for Counts One and Four.

Appellant's right to effective assistance of counsel, as well as his right to be indicted by the grand jury for the two felony offenses encompassed by Counts Two and Three, implicates constitutional error. *See* TEX. CONST. art. I, § 10. Under the constitutional error standard, we must reverse unless we "determine beyond a reasonable doubt that the error did not contribute to" Appellant's convictions for Counts One and Four. TEX. R. APP. P. 44.2(a); *see Owings v State*, 541 S.W.3d 144, 150–51 (Tex. Crim. App. 2017). Here, we conclude beyond a reasonable doubt that the additions of Counts Two and Three did not contribute to Appellant's convictions for Counts One and Four.

The parties have not cited, nor have we found, a Texas case addressing the effect of trial counsel's ineffectiveness in failing to object to charges added by an amended indictment on the trial of the offenses as originally indicted. However, an intermediate appellate court in California addressed a similar claim in *People v. Rogers*. 200 Cal. Rptr. 3d 355 (Cal. Ct. App. 2016). The court in *Rogers* concluded that the charges improperly added by amendment did not negatively affect the original charges because the new charges did not result in the admission of evidence that the jury would not have otherwise heard. *Id.* at 366–67. Accordingly, the court only vacated the convictions on the charges added by amendment. *Id.* at 367.[2]

If we apply the reasoning employed by the court in *Rogers*, the same conclusion applies to this case—the addition of Counts Two and Three did not permit the State to offer evidence that would otherwise have been admitted had the

---

[2]Similarly, in *Absher v. State*, the Indiana Court of Appeals reached the same result of only vacating the improperly added convictions. 162 N.E.3d 1141, 1155 (Ind. Ct. App. 2021).

State only proceeded to trial on Counts One and Four.  Article 38.37 of the Texas Code of Criminal Procedure allows the introduction of evidence that a defendant has committed a separate offense of a sexual nature against a child.  CRIM. PROC. art. 38.37 (West Supp. 2023); s*ee Garcia v. State*, 614 S.W.3d 749, 757–58 (Tex. Crim. App. 2019) (finding harmless error in the State's failure to elect because Article 38.37 permits the admission of relevant extraneous offenses committed by a defendant against a child victim); *Owings v. State*, 541 S.W.3d at 151 (finding that the defendant was not entitled to protection from the introduction of evidence of extraneous offenses against the victim named in the indictment because it was admissible to show the state of mind of the defendant and the victim, and the previous and subsequent relationship between them).  Thus, "by dint of Article 38.37," the jury would have learned of the acts of oral sex between Appellant and C.M., as charged in Counts Two and Three, and thus "instructed that they could use it as evidence, not only of his character, but also of any 'acts performed in conformity' therewith." *See Jacobs v. State*, 560 S.W.3d 205, 207 (Tex. Crim. App. 2018).

C.M.'s report of oral sex to LaFrance was inextricably intertwined with her description of the conduct that led to Counts One and Four.  She told LaFrance that Appellant penetrated her vagina with his penis, that he performed oral sex on her, and that he made her perform oral sex on him.  LaFrance testified that C.M. attributed an injury to her genital area on Appellant biting her there.  We additionally note that there is overwhelming evidence that Appellant penetrated C.M.'s sexual organ with his sexual organ, and touched her breast as alleged in Counts One and Four.  C.M. testified that Appellant penetrated her vagina with his penis "a few times," that she told him her age, and that she wanted him to stop, but "couldn't put up a fight even if [she] tried to."

12

According to LaFrance, the medical evidence corroborated C.M.'s account. C.M. had a contusion in her vagina, which is "typically . . . a result of blunt force trauma," and consistent with sexual intercourse within the preceding twenty-four hours. C.M. also told LaFrance that Appellant used "Jergens with cocoa butter lotion" as lubricant, which, in LaFrance's opinion, added to the legitimacy of C.M.'s report.

Although C.M. did not remember at trial whether Appellant put his mouth on her breast, she was certain Appellant touched her breast with his hand. And Appellant could not be excluded as a contributor to the foreign DNA on C.M.'s breast, which supports what C.M. told LaFrance hours after the last assault. Finally, C.M. consistently maintained to LaFrance, Detective Martinez, and the jury that Appellant penetrated her vagina with his penis and touched her breast.

We additionally note that while the trial court's charge presented four counts to the jury for resolution both at guilt-innocence and punishment, the jury assessed Appellant's punishment on Counts One and Four for less than the punishment assessed for Counts Two and Three. This fact is another basis for concluding that the inclusion of Counts Two and Three did not prejudice Appellant on Counts One and Four. In summary, we conclude that, beyond a reasonable doubt, the inclusion of Counts Two and Three did not taint Appellant's trial on Counts One and Four.

"The fact that a portion of an indictment, judgment, or sentence may be invalid does not necessarily mean that the entire indictment, judgment, or sentence is invalid or 'void.'" *Puente v. State*, 71 S.W.3d 340, 344 (Tex. Crim. App. 2002). "There is neither a constitutional nor statutory prohibition against deleting the invalid portion of an indictment, judgment, or sentence if it may be done without a loss of jurisdiction and without doing violence to the rights of the defendant." *Id.* We may thus legally maintain a judgment or sentence after vacating the illegal portion thereof

or striking an unauthorized conviction. *See id.*; *Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999); *see also Martinez*, 225 S.W.3d at 555 ("[t]o remedy the trial court's harmful error, we must strike one of the two convictions"). Thus, we conclude that the proper remedy is to vacate Appellant's convictions for Counts Two and Three, and to affirm the judgments of conviction for Counts One and Four. *See Martinez*, 225 S.W.3d at 555.

*This Court's Ruling*

We affirm the judgments of conviction for sexual assault of a child as alleged in Count One and for indecency with a child as alleged in Count Four. We vacate the convictions and sentences for sexual assault of a child as alleged in Counts Two and Three.

JOHN M. BAILEY
CHIEF JUSTICE

July 18, 2024

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.